**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| YVETTE PENN, ) | |
| ) | |
| Plaintiff, ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| FIRST FINANCIAL ASSET ) | |
| MANAGEMENT, INC., ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| Defendant. ) | |
| ) | |

YVETTE PENN ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against FIRST FINANCIAL ASSET MANAGEMENT, INC. ("Defendant"):

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Maryland, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Waldorf, Maryland 20602.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 3091 Governors Lake Drive, Suite 500, Norcross, Georgia 30071-1135.

8. Defendant's registered agent, Robert Chalavoutis, is located at 230 Peachtree Street, Suite 1700, Atlanta, Georgia 30303.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times, Defendant contacted Plaintiff in its attempt to collect a consumer debt allegedly owed to Suntrust Bank in the amount of $3,060.46.

12. The alleged debt at issue arose out of transactions that were for personal, family, or household purposes as Plaintiff does not have any business debt.

13. Beginning in or around October 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's home telephone number in its attempts to collect the alleged debt.

14. Defendant's calls originated from telephone numbers including, but not limited to, (877) 290-2720 and (404) 523-3280. The undersigned has confirmed that this number

belongs to Defendant.

15. Defendant also mailed Plaintiff a collection letter, dated October 20, 2014, seeking to collect the above-referenced debt. <u>See</u> Exhibit "A," October Collection Letter.

16. Frustrated by Defendant's repeated harassing calls, Plaintiff retained legal counsel.

17. Plaintiff's counsel sent Defendant a Letter of Representation, via certified mail, that advised Defendant to cease and desist from communicating with Plaintiff and to direct all future correspondence to Plaintiff's counsel. <u>See</u> Exhibit "B," Letter of Representation with Cease and Desist notice.

18. According to the USPS tracking system, Plaintiff's counsel's letter was received by Defendant on November 14, 2014. <u>See</u> Exhibit "C," USPS Tracking Information.

19. Despite being notified that Plaintiff was represented by legal counsel and in blatant disregard of Plaintiff's counsel's cease and desist notice, Defendant continued to place harassing calls to Plaintiff.

20. For example, on November 17, 2014, Defendant's collector called Plaintiff's home telephone and left the following deceptive voice message on her answering machine:

> Ah yes, these are eleven vouchers for Yvette, ah, Penn. Ah, if this is not Yvette Penn please hang up or disconnect cause we reached the wrong number. [Inaudible]. Please call us back at (800) 542-6754. This, ah, Yvette Penn please continue to listen to this message. Ah, now there'll be a three second pause so that you may hold [inaudible] listen to this message for our benefit [inaudible]. My name is [inaudible] this is First Financial, a professional debt collector. This is an attempt to collect a debt and any information obtained will be used for a purposed [*sic*]. I can be reached at (877) 290-9573 and my direct extension is 1501. Regarding a very important business matter.

21. As displayed above, Defendant's collector left a false and misleading voice message on Plaintiff's answering machine indicating that the purpose of his call was to offer Plaintiff vouchers, and requesting that she call the following telephone number: (800) 542-6754.

3

PLAINTIFF'S COMPLAINT

22. Upon information provided and belief, Defendant never intended to provide Plaintiff with vouchers, instead it made such statements to deceive and harass Plaintiff.

23. Further, upon belief, the (800) 542-6754 telephone number is not a telephone number where Defendant or its collectors can be reached.

24. Most strikingly, it is only toward the latter portion of the voice message that Defendant's collector reveals that he is calling on behalf of Defendant, and that the true nature of his call is to collect the alleged debt.

25. Defendant's deceptive voice message was confusing and frustrating to Plaintiff.

26. Defendant's actions, as described herein, were taken with the intent to mislead, harass, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692b(6) OF THE FDCPA

27. A debt collector violates section 1692b(6) of the FDCPA by communicating with any person other than the consumer's attorney after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

28. Defendant violated section 1692b(6) of the FDCPA when it continued to communicate directly with Plaintiff after having knowledge that Plaintiff was represented by an attorney with regard to the alleged debt.

## COUNT II
## DEFENDANT VIOLATED § 1692c(a)(2) OF THE FDCPA

29. A debt collector violates section 1692c(a)(2) of the FDCPA by communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

30. Defendant violated section 1692c(a)(2) of the FDCPA when it continued to communicate directly with Plaintiff, after having knowledge that Plaintiff was represented by an attorney with regard to the alleged debt, and without obtaining Plaintiff's or his attorney's consent.

## COUNT III
## DEFENDANT VIOLATED § 1692c(c) OF THE FDCPA

31. A debt collector violates section 1692c(c) of the FDCPA by communicating further with the consumer with respect to a debt after being notified in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer.

32. Defendant violated section 1692c(c) of the FDCPA when it continued to communicate directly with Plaintiff, after being served a cease and desist notice in writing.

## COUNT IV
## DEFENDANTS VIOLATED § 1692d OF THE FDCPA

33. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

34. Defendants violated § 1692d when it placed repeated harassing telephone calls to Plaintiff's cellular telephone; when it continued to communicate with Plaintiff after being provided with a written cease and desist notice; when it continued to communicate directly with Plaintiff after being advised that Plaintiff was represented by legal counsel; and, when it left a misleading and deceptive voice message on Plaintiff's answering machine.

## COUNT V
## DEFENDANT VIOLATED §§ 1692e AND 1692e(10) OF THE FDCPA

35. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. Defendant violated §§ 1692e and 1692(10) when it left a misleading and deceptive voice message on Plaintiff's answering machine.

## COUNT VI
### DEFENDANTS VIOLATED § 1692f OF THE FDCPA

38. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

39. Defendants violated § 1692f when it failed to update its internal records to reflect that Plaintiff was not to be contacted directly in accordance to the written cease and desist notice it was served; when it harassed Plaintiff; when it deceived Plaintiff; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, YVETTE PENN, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and
d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, YVETTE PENN, demands a jury trial in this

case.

                                          Respectfully submitted,

DATED: January 22, 2015        By: /s/ Amy L. Bennecoff
                                          Amy L. Bennecoff, Esquire
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Avenue
                                          Ambler, PA 19002
                                          Tel: 215-540-8888
                                          Fax: 215-540-8817
                                          Email: abennecoff@creditlaw.com
                                          Attorney for the Plaintiff